UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARTINEZ S. AYTCH,

    *Petitioner*,

vs.

ROBERT LEGRAND, *et al.*

    *Respondents*.

3:10-cv-00767-RCJ-WGC

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review of the counseled amended petition under Rule 4 of the Rules Governing Section 2254 Cases as well as on petitioner's motion (#23) for a scheduling order.

    Following initial review, it appears that substantial issues are presented as to whether Ground 6 of the petition is cognizable in federal habeas corpus as well as whether Ground 6 and a number of additional claims are exhausted.

    In Ground 6, petitioner alleges that he was denied an alleged right under the Due Process Clause to assistance of counsel during the state post-conviction proceedings to raise claims of ineffective assistance of trial counsel. This claim was asserted in anticipation of the ruling in a number of then-pending cases in the United States Supreme Court, including *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). In *Martinez*, the Supreme Court held that the absence or inadequate assistance of counsel in initial-review state collateral proceedings may establish cause for a petitioner's procedural default of a claim of ineffective assistance of trial counsel. However, a holding that, in limited circumstances, a petitioner may rely upon the

absence of or alleged inadequate assistance of initial-review state post-conviction counsel to establish cause for a procedural default is not the equivalent of a holding that a petitioner has a freestanding right to counsel in state post-conviction proceedings enforceable in federal habeas corpus. The Supreme Court expressly eschewed holding that such a freestanding right existed, 132 S.Ct. at 1319.

Moreover, there is a fundamental jurisdictional issue with regard to a federal district court reviewing a state court proceeding for constitutional error over and above collateral review of a judgment of conviction. Congress gave the federal district courts jurisdiction in 28 U.S.C. § 2254(a) to entertain a petition for a writ of habeas corpus to challenge custody pursuant to a judgment of a state court. It is the state court judgment of conviction by which a petitioner is held in custody. Otherwise, a federal district court has no jurisdiction to sit in the role of an appellate court reviewing other state court judgments for error. *See,e.g., Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003); *see generally* Comment, *Federal Injunctive Relief Against Pending State Civil Proceedings: Younger Days Are Here Again*, 44 La.L.Rev. 967, 986-87 (1984). It thus has been long-established law that alleged errors in state post-conviction review proceedings are not cognizable in federal habeas corpus. *See,e.g., Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989).

Further, even if such a claim, *arguendo*, were cognizable in federal habeas corpus, the Court can see no principled reason at this juncture why such a claim would not be subject to the same exhaustion requirement as all other federal habeas claims presented pursuant to § 2254.

Additionally, there appears to be a substantial question following initial review as to whether the following claims are exhausted or fully exhausted:

  (a)  Ground 2(b);

  (b)  Ground 2(c) to the extent based upon a different factual basis from the claim exhausted in the state courts, including allegations as to the co-defendant's criminal history or lack thereof and alleged mental illness;

  (c) Ground 2(g), as it pertains to the cross-examination of the victim regarding the value of the stolen items as opposed to pretrial discovery and investigation regarding same;

  (d) Ground 2(h)(ii) as a claim based upon a legal theory of ineffective assistance of trial counsel as opposed to ineffective assistance of appellate counsel;

  (e) Ground 2(h)(iii) to the extent based upon trial counsel's failure to challenge the substance, *i.e.,* of the appropriateness, of the convictions as a basis for a habitual criminal adjudication other than two Wisconsin convictions in 1985 and 1986, as the state court claim otherwise challenged trial counsel's failure to object to the admissibility of the other convictions, not to challenge their substance or appropriateness;

  (f) Grounds 3 and 4 as independent substantive claims of trial court error; and

  (g) Ground 7, as a claim of cumulative error including the claims raised on state post-conviction review, as the only exhausted claim of cumulative error was presented on direct appeal.

The Court concludes that the most efficient manner of proceeding at this juncture would be to resolve the cognizability and exhaustion issues, including such related issues as additionally are raised by respondents, prior to addressing other issues in the case.

IT THEREFORE IS ORDERED that respondents shall have **sixty (60) days** from entry of this order within which to file a motion to dismiss limited to issues of cognizability and lack of exhaustion. All other issues in the case, including other procedural defenses, are deferred at this time. The failure to present other defenses in the initial motion to dismiss filed in response to this order shall not provide a basis for waiver of defenses, as the Court expressly is limiting the response to only issues of cognizability and exhaustion.

IT FURTHER IS ORDERED that petitioner shall have **thirty (30) days** from service to file an opposition to the motion to dismiss.

1  IT FURTHER IS ORDERED that petitioner's motion (#23) for a scheduling order is
2  GRANTED as per the provisions herein.[1]
3  DATED: June 7, 2012.

```
                                    _____
                                    ROBERT C. JONES
                                    Chief United States District Judge
```

---

[1] Counsel may wish to note that Local Rule LR 7-6(b) provides the appropriate rule – and procedure – in this Court with regard to matters under submission. Counsel need not attempt to rely upon Ninth Circuit rules by analogy, either for authority or for the procedure to follow.

The Court endeavors to move matters as promptly as possible, but, similar to counsel, also is tasked with applying limited resources to a heavy docket.