1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARTINEZ S. AYTCH,

    *Petitioner*,

vs.

ROBERT LEGRAND, *et al.*,

    *Respondents*.

3:10-cv-00767-RCJ-WGC

ORDER

    This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#35) to stay, together with a declaration with a title that reflects that it, *inter alia*, abandons Ground 6.

### Background

    Petitioner Martinez Aytch challenges his 2008 Nevada state conviction, pursuant to a jury verdict, of two counts of grand larceny and one count of burglary and his adjudication as a habitual criminal.  He is serving four concurrent life sentences with the possibility of parole after ten years.[1]  He sought relief both on direct appeal and state post-conviction review.  His motions for appointment of counsel on state post-conviction review were denied.

    In this action, the Court has held that a number of grounds are unexhausted.  Petitioner seeks a stay of the mixed petition under *Rhines v. Weber*, 544 U.S. 269 (2005), to return to state court to exhaust the unexhausted grounds.

---

[1]#19, Ex. 25.

***Discussion***

In order to obtain a stay under *Rhines* to return to the state courts to exhaust a claim or claims, a petitioner must demonstrate that there was good cause for the failure to exhaust the claims, that the unexhausted claims include at least one claim that is not plainly meritless, and that petitioner has not engaged in intentionally dilatory litigation tactics. *See* 544 U.S. at 278.

***Good Cause***

While the precise contours of what constitutes "good cause" in this context remain to be fully developed, there nonetheless are guideposts, as discussed further below.

Respondents urge that the Court should apply an "extraordinary circumstances" standard drawn from equitable tolling law. Under respondents' formulation, a petitioner apparently would have to show that he had been pursuing his rights diligently but an extraordinary circumstance made it impossible for him to exhaust the claims previously. Respondents acknowledge, however, that the Ninth Circuit has held that a requirement that the petitioner show "extraordinary circumstances" to obtain a stay does not comport with the good cause standard in *Rhines*. *See Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). The Court cannot ignore the holding in *Jackson*.[2]

/ / / /

---

[2]Moreover, the Court would be reluctant to import standards from equitable tolling or procedural default case law that are designed to assess whether a petition or claim should be dismissed with prejudice, *i.e.*, with conclusive finality, and which on occasion may require an evidentiary hearing. Arguably, such heightened standards – directed to the question of whether, in the final analysis, a claim is conclusively procedurally barred – are inappropriate for the preliminary procedural question of whether a stay should be entered while petitioner fully exhausts claims in a mixed petition. It generally is more appropriate for the state courts to have the opportunity in the first instance to consider the application of conclusive procedural bars. *Cf. Gonzalez v. Wong*, 667 F.3d 965, 980 (9th Cir. 2011), *cert. denied*, 133 S.Ct. 155 (2012)(noting that, in the circumstances presented, a stay was appropriate because it provided the state court with the first opportunity to resolve the claim). The Court is not sanguine that it should adopt standards that could require an evidentiary hearing in order to resolve the preliminary procedural issue presented by a request for a stay.

If the bar that must be cleared under *Rhines* were as high as that necessary to establish either equitable tolling or cause-and-prejudice, the Supreme Court and the Ninth Circuit know quite well how to invoke such established standards. To date, neither has done so. The Ninth Circuit instead has stated to the contrary in *Jackson* that an "extraordinary circumstances" standard does not comport with the *Rhines* good-cause standard.

On the other hand, *Rhines* instructs that a stay should be available only in "limited circumstances," and the requirement of good cause therefore should not be interpreted in a manner that would render stay orders routine. *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008). Accordingly, a mere impression by a petitioner that a claim was exhausted is not sufficient to establish good cause for a failure to exhaust, given that, if it were, "virtually every habeas petitioner, at least those represented by counsel, could argue that he thought his counsel had raised an unexhausted claim and secure a stay." *Id.* (emphasis in original).

Petitioner urges that "a pro se petitioner's failure to adequately raise claims may constitute 'good cause.'" Petitioner relies upon Judge Reed's decision in *Riner v. Crawford*, 415 F.Supp.2d 1207 (D. Nev. 2006), as support for the proposition that good cause may be established by, *inter alia*, "either by [the petitioner's] own ignorance or confusion about the law or the status of the case." 415 F.Supp.2d at 1211.

Judge Reed's own words perhaps are the most instructive as to the precedential reach of *Riner*, particularly in the context of intervening controlling Ninth Circuit authority:

> . . . . The undersigned concluded in *Riner v. Crawford*, 415 F.Supp.2d 1207 (D.Nev. 2006), following upon the Ninth Circuit's holding in *Jackson*, that the good cause standard under *Rhines* therefore is not so strict a standard as to require a showing of some extreme and unusual event beyond the control of the petitioner to warrant a stay. 415 F.Supp.2d at 1210.[FN3] On the other hand, *Rhines* instructs that a stay should be available only in "limited circumstances," and the requirement of good cause therefore should not be interpreted in a manner that would render stay orders routine. *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008), *cert. denied*, ___ U.S. ___, 129 S.Ct. 2771, 174 L.Ed.2d 276 (2009).   Accordingly, a mere impression by a petitioner that a claim was exhausted is not sufficient to establish good cause for a failure to exhaust, given that, if it were, "virtually every habeas petitioner, at least those represented by counsel, could argue that he *thought* his counsel had raised an unexhausted claim and secure a stay." *Id.* (emphasis in original).
>
> [FN3]  In *Riner*, the Court's order was issued following a remand from the Ninth Circuit for reconsideration of its dismissal order in light of the intervening authority in *Rhines*.  The Court did not hold that *Riner* either had or had not demonstrated good cause.  The order instead gave *Riner* an opportunity to demonstrate good cause and the other requirements for a *Rhines* stay.   *Riner*

-3-

1                 thereafter did not seek such a stay but instead
2                 sought reconsideration of the Court's prior holding
                that the claims . . . were unexhausted. *See, e.g.,* No.
3                 3:99-cv-0258-ECR-RAM, #72. The published *Riner*
                decision therefore did not make a definitive holding
4                 as to good cause applicable to a then-attempted
                specific factual demonstration of good cause.

5 *Vincent v. McDaniel*, 3:10-cv-00181-ECR-RAM, #23, at 6-7 & n.4 (D. Nev. July 15, 2011).[3]

6       Judge Reed's subsequent expressions accordingly clearly instruct that *Riner* made no

7 definitive holding as to good cause, that he in fact never even was called upon to make such

8 a definitive holding in *Riner*, and, perhaps most significantly, that his early *dicta* in passing

9 over seven years ago in *Riner* indisputably did not and could not override intervening Ninth

10 Circuit precedent such as *Wooten*.

11       Under controlling law, a stay should be available only in limited circumstances, the

12 requirement of good cause should not be interpreted in a manner that would render stay

13 orders routine, and broad assertions that could be argued by "virtually every habeas

14 petitioner" do not establish good cause. *Wooten, supra.*

15       If, as petitioner suggests, "a pro se petitioner's failure to adequately raise claims

16 constituted 'good cause,'" then in each and every case in which a *pro se* petitioner did not

17 exhaust claims, he by definition would demonstrate good cause. Petitioner simply has

18 conflated the lack of exhaustion itself with good cause for failure to exhaust. That clearly is

19 not the law under *Rhines* and *Wooten*. It effectively would read the good cause requirement

20 out of *Rhines*, because any *pro se* petitioner who failed to exhaust any claim whatsoever

21 would demonstrate good cause. That, again, clearly is not the law.

22       If the petitioner's own ignorance or confusion about the law or the status of the case

23 generally constituted good cause, then, similarly, good cause would be present in each and

24 every case in which a *pro se* petitioner failed to exhaust claims. In that circumstance, each

25

26             [3] *Accord Greene v. McDaniel*, 3:09-cv-00601-ECR-VPC, #42, at 3 & n.2 (D. Nev. April 4, 2012)(similar

27 analysis); *Taylor v. McDaniel*, 3:08-cv-00401-ECR-VPC, #59, at 2 & n.3 (D. Nev. April 5, 2011)(similar); *see also Navas v. Baca*, 3:10-cv-00647-RCJ-WGC, 2013 WL 837095, at *14 n.21 (D. Nev. Mar. 5, 2013)(quoting

28 *Greene* with regard to the precedential impact of *Riner* in relation to later controlling Ninth Circuit case law).

1    and every *pro se* petitioner could argue that he was ignorant or confused about the law or the

2    status of his case, rendering stay orders not only routine but available merely for the asking.

3    *Cf. Wooten, supra*.  That is not the law, and that is not the law that Judge Reed followed as

4    subsequent controlling Ninth Circuit law became available in the years following the

5    superceded passing *dicta* in *Riner*.

6        In short, the Court will not find good cause in essence simply because the petitioner

7    was proceeding *pro se* in the state courts, subject to the remaining discussion herein.[4]

8        The Court finds more merit in petitioner's at least indirect reliance upon *Martinez v.*

9    *Ryan*, 132 S.Ct. 1309 (2012).  In *Martinez*, the Supreme Court held in pertinent part that a

10   petitioner may establish cause to potentially overcome a procedural default for a failure to

11   pursue a claim of ineffective assistance of trial counsel in initial-review collateral proceedings,

12   such as a state post-conviction proceeding in a state district court, "where the state courts did

13   not appoint counsel in the initial-review collateral proceeding for a claim of ineffective

14   assistance at trial."  132 S.Ct. at 1318.  As the Court elaborated in *Martinez*:

15

16            . . . . Without the help of an adequate attorney, a prisoner
         will have similar difficulties [as he would pursuing substantive
17       claims on a *pro se* direct appeal] vindicating a substantial
         ineffective-assistance-of-trial-counsel claim. Claims of ineffective
18       assistance at trial often require investigative work and an
         understanding of trial strategy. When the issue cannot be raised
19       on direct review, moreover, a prisoner asserting an
         ineffective-assistance-of-trial-counsel claim in an initial-review
20       collateral proceeding cannot rely on a court opinion or the prior
         work of an attorney addressing that claim.  *Halbert*, 545 U.S., at
21       619, 125 S.Ct. 2582.  To present a claim of ineffective assistance

22   _____

23   [4]Petitioner contends in the reply that the motion to stay does not rely only upon his *pro se* status to
     establish good cause.  He urges that he instead suggested in the motion "that his ignorance of the law
24   combined with his request for counsel and his obvious desire to raise every potentially viable claim provides
     good cause." #42, at 2.  However, it would appear that a *pro se* litigant is typified by being (a) ignorant of the
25   law, (b) not represented by counsel, and (c) desirous of raising every potentially viable claim.  Petitioner thus
     simply has relied upon the paradigm characteristics of a *pro se* litigant to argue that he is not relying upon his
26   *pro se* status to establish good cause.  The Court is not persuaded by such a circular rationale.

27       The Court otherwise does not find that any of the other cases cited from this district support the
     broad proposition advanced with regard to *pro se* status allegedly establishing good cause.  To the extent, if
28   any, that cases cited from outside the district *arguendo* would support the proposition advanced, neither
     those cases nor in truth prior cases from within the district constitute binding authority in other actions.

at trial in accordance with the State's procedures, then, a prisoner likely needs an effective attorney.

The same would be true if the State did not appoint an attorney to assist the prisoner in the initial-review collateral proceeding. The prisoner, unlearned in the law, may not comply with the State's procedural rules or may misapprehend the substantive details of federal constitutional law. *Cf., e.g., id.*, at 620–621, 125 S.Ct. 2582 (describing the educational background of the prison population). While confined to prison, the prisoner is in no position to develop the evidentiary basis for a claim of ineffective assistance, which often turns on evidence outside the trial record.

132 S.Ct. at 1317.

If such a petitioner later is appointed counsel on federal habeas review and raises an unexhausted claim of ineffective assistance of trial counsel, the *only* way for the state courts to have the first opportunity to consider the application of state procedural bars to the claim and possibly the merits is via a stay of the federal proceedings. *Cf. Gonzalez v. Wong*, 667 F.3d 965, 980 (9th Cir. 2011), *cert. denied*, 133 S.Ct. 155 (2012)(noting that, in the circumstances presented, a stay was appropriate because it provided the state court with the first opportunity to resolve the claim). It would have done the *pro se* state petitioner little good to file a second state petition without counsel, as he likely would have been no more equipped to effectively pursue a second *pro se* petition as he had been on the first. Thus, once counsel thereafter is appointed on federal habeas review and raises unexhausted claims of ineffective assistance of trial counsel, again, the *only* procedure by which the state courts will have the first opportunity to consider the application of state procedural bars and/or the merits is on a federal stay.

Accordingly, absent countervailing circumstances not presented here, the Court is inclined to find that a petitioner in this procedural posture has demonstrated good cause under *Rhines* when he promptly seeks to return to state court to pursue claims of ineffective assistance of trial counsel that the petitioner did not pursue in state district court post-conviction proceedings in which appointment of counsel was denied to an indigent petitioner.

/ / / /

1    Such a conclusion cuts a fairly broad swath.  However, the swath cut appears to follow

2    from an application of *Martinez* read together with *Rhines*.  Once it is established that a

3    petitioner potentially can demonstrate cause to overcome a procedural default of an

4    unexhausted claim of ineffective assistance of trial counsel because he was not appointed

5    counsel in the state district court proceedings, then principles of federalism and comity

6    strongly counsel in favor of the state courts having the first opportunity to consider the

7    application of state procedural bars and/or the merits of the claim.  *Cf. Gonzalez, supra*.

8    That said, *Martinez* is not unlimited in scope.  The *Martinez* holding does not apply to

9    claims other than claims of ineffective assistance of trial counsel.  Accordingly, a petitioner

10   seeking a stay to pursue only substantive claims and/or claims of ineffective assistance of

11   appellate counsel would not be able to establish good cause for a stay on the basis that he

12   was denied appointed counsel in the state post-conviction proceedings. The *Martinez* holding

13   further applies in this context only to an absence of counsel in the initial-review collateral

14   proceedings, *i.e.,* in Nevada, the post-conviction proceedings in the state district court.  A

15   petitioner that was represented in the state district court proceedings thus would not be able

16   to establish good cause in this regard based upon his thereafter proceeding *pro se* on the

17   state post-conviction appeal.  As discussed at length above, *pro se* status, standing alone,

18   does not establish good cause under *Rhines* in all applications and contexts.

19   The Court further notes that the March 2012 decision in *Martinez* still is relatively

20   recent; and the full ramifications of the decision, such as in the present context, still are being

21   worked out in following cases.  In the present case, *Martinez* was not yet on the books when

22   petitioner pursued state post-conviction relief in the state courts, when federal habeas counsel

23   first was appointed, or when petitioner filed his counseled federal amended petition.  The

24   present case thus very much was "in the pipeline" when *Martinez* was decided; and the

25   manner in which the *Martinez* holding relates to this case, as noted, still is being determined.

26   Federal habeas counsel should note that, in future cases, the Court may well take into

27   account the dispatch with which a represented federal habeas petitioner invokes *Martinez* as

28   a basis for a finding of good cause in support of a stay after raising unexhausted claims of

1    ineffective assistance of trial counsel in the counseled amended petition. A petitioner
2    arguably should raise the prospect of a stay on such a basis sooner rather than later in the
3    federal proceedings, and not always only after prompting by a challenge to exhaustion.

4        The Court accordingly finds in the circumstances presented that petitioner has
5    demonstrated good cause under *Rhines*.[5]

6        ***Not Plainly Meritless***

7        Respondents present no argument challenging petitioner's showing in the motion to
8    stay that the unexhausted claims include claims that are not plainly meritless. Under Local
9    Rule LR 7-2(d),the failure to file points and authorities in response to a motion in full or in part
10   constitutes a consent to the granting of the motion to the extent to which no response is
11   made. *E.g., Joseph v. Las Vegas Metropolitan Police Dept.*, 2010 WL 3238992, slip op. at
12   *5 (D. Nev., Aug. 13, 2010). Respondents accordingly have consented to the grant of the
13   motion with regard to this issue in the event that petitioner prevails on the good-cause issue.

14       The Court in any event finds that the claim of ineffective assistance of trial counsel in
15   Ground 2(b) is not plainly meritless.

16       In discussing this criterion, the *Rhines* Court made a comparison cite to 28 U.S.C. §
17   2254(b)(2). 544 U.S. at 277. The Ninth Circuit has held that a district court may reject an
18   unexhausted claim on the merits pursuant to § 2254(b)(2) "only when it is perfectly clear that
19   the applicant does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614,
20   623-24 (9th Cir. 2005).

21       / / / /

22

23   _____

24   [5]*Martinez* further requires that "[t]o overcome the default, a prisoner must also demonstrate that the
     underlying ineffective-assistance-of-trial-counsel claims is a substantial one, which is to say that the prisoner
     must demonstrate that the claim has some merit." 132 S.Ct. at 1318. In this procedural context, the relative
25   substance of the claim is appropriately addressed under the *Rhines* requirement that the claim not be plainly
     meritless. The Court, again, is not deciding the procedural default issue itself but instead is deciding the
26   preliminary procedural question of whether a stay should be granted so that the state courts can make a
     potentially definitive holding in the first instance as to, *inter alia*, procedural default. *Rhines* sets the bar for
27   consideration of the merits of the claim in considering a possible stay at the claim not being plainly meritless.
     The Court would note further that the *Martinez* Court referenced the standard for obtaining a certificate of
28   appealability, which requires only that jurists of reason would find the claim debatable on the merits.

Ground 2(b) passes muster under this standard.  In Ground 2(b), petitioner alleges that he was denied effective assistance of trial counsel because counsel allegedly failed to investigate codefendant Charma McCollum's mental health or criminal background. The amended petition alleges that McCollum was arrested for failure to appear in the criminal proceeding, that her counsel filed a motion explaining that she had missed the court date due to being hospitalized for mental health issues, that McCollum suffered from bipolar disorder for which lithium had been prescribed, that McCollum testified adversely to petitioner at trial, and that her testimony should have been impeached based upon her condition by suggesting that she suffered from a "neurological deficit" due to her condition that affected her perception and recollection.  Based on the present record, the Court cannot say that it is perfectly clear that this claim does not raise even a colorable federal claim of ineffective assistance of trial counsel.

The Court accordingly need not reach any question as to the relative merit of the remaining unexhausted claims.  The pertinent inquiry is whether the Court should enter a stay, and it need find the presence of only one claim that is not plainly meritless for that limited purpose.  The Court need not engage in an inquiry analogous to certifying claims for a certificate of appealability, where every claim must be considered.  What claims petitioner pursues during the stay and brings back before the Court is a matter to be determined by petitioner, subject to any then-applicable defenses once the federal case is reopened.

### No Intentionally Dilatory Litigation Tactics

Respondents further present no argument challenging petitioner's showing in the motion to stay that he has not engaged in intentionally dilatory litigation tactics.  Under Local Rule LR 7-2(d),the failure to file points and authorities in response to a motion in full or in part constitutes a consent to the granting of the motion to the extent to which no response is made.  *Joseph, supra.*  Respondents accordingly have consented to the grant of the motion with regard to this issue as well in the event that petitioner prevails on the good-cause issue.

Nothing in the record before the Court in any event reflects that petitioner has engaged in intentionally dilatory tactics.  While it perhaps is not wholly inconceivable that a noncapital

1  habeas petitioner might engage in such tactics, the relevance of this factor, as a practical

2  matter, largely is restricted to capital cases.  *Cf. Lawrence v. Florida*, 549 U.S. 327, 344 & n.

3  9 (2007)(Ginsburg, J., dissenting)("Most prisoners want to be released from custody as soon

4  as possible, not to prolong their incarceration. They are therefore interested in the expeditious

5  resolution of their claims. . . . .  Though capital petitioners may be aided by delay, they are a

6  small minority of all petitioners."); *Valdovinos v. McGrath*, 598 F.3d 568, 574 (9th Cir. 2010),

7  *vacated for reconsideration on other grounds*, 131 S.Ct. 1042 (2011)(petitioner "had not

8  engaged in dilatory tactics and he had no motivation for delay, as he is not a capital

9  defendant").

10  The motion for a stay accordingly will be granted.

11  IT THEREFORE IS ORDERED that petitioner's motion (#35) to stay is GRANTED and

12  that this action is STAYED pending exhaustion of petitioner's unexhausted claims.  Petitioner

13  may move to reopen the matter following exhaustion of the claims, and any party otherwise

14  may move to reopen the matter at any time and seek any relief appropriate under the

15  circumstances.

16  IT FURTHER IS ORDERED that the grant of a stay is conditioned upon petitioner filing

17  a state post-conviction petition in the state district court within forty-five (45) days of entry of

18  this order and thereafter returning to federal court with a motion to reopen within forty-five (45)

19  days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of all

20  state court proceedings.[6]

21  IT FURTHER IS ORDERED that, with any motion to reopen filed following completion

22  of all state court proceedings pursued, petitioner: (a) shall attach an indexed chronological

23  set of exhibits (with the corresponding CM/ECF attachments identified by exhibit number(s)

24  on the docketing system) containing the state court record materials relevant to the issues

25  herein that cover the period between the state court record exhibits on file in this matter and

26

27  _____

28  [6]If *certiorari* review will be sought or thereafter is being sought, either party may move to reinstate the stay for the duration of any such proceedings.  *Cf. Lawrence v. Florida*, 549 U.S. 327, 335 (2007).

-10-

1   the motion; and (b) if petitioner then intends to further amend the petition, shall file a motion

2   for leave to amend along with the proposed verified amended petition or a motion for

3   extension of time to move for leave. Respondents shall have thirty (30) days to file a response

4   to the motion(s) filed.  The reopened matter will proceed under the current docket number.

5          IT FURTHER IS ORDERED that the Clerk of Court shall ADMINISTRATIVELY CLOSE

6   this action until such time as the Court grants a motion to reopen the matter.[7]

7          Dated this 18th day of February, 2014.

8

9

10

11                                              ROBERT C. JONES
                                                United States District Judge
12

13

14

15

16

17

18
_____

19          [7]No claims in the current pleadings are dismissed by this order.  Petitioner filed a declaration (#37)
20   with a title that reflected that the declaration included an abandonment of Ground 6.  No such declaration of
     abandonment in fact was made by petitioner within the body of the filing, and the body of the declaration
21   instead concurs in the seeking of a stay to exhaust, *inter alia*, Ground 6.  The Court trusts that the description
     of the filing in its title was written in error.  The Court reiterates what it said about Ground 6 in the order on the
22   motion to dismiss.  While the ground would appear to lack merit as an independent federal habeas claim, the
     ground is unexhausted.  If petitioner does not exhaust the ground on the stay and the ground remains in the
23   amended petition after the stay, the entire petition will be dismissed as a mixed petition.  See #33, at 25-26.
     The Court very much would like to not have a continued occasion to spill ink on a ground of such dubious
24   merit.  If petitioner intends to dismiss the ground, he needs to do so effectively, by (a) filing a separate *motion
     to dismiss* that (b) is accompanied by a declaration by the petitioner that he has conferred with his counsel
25   and concurs in the action being requested.  The Court, again, trusts that the variance between the title and
     the body of the declaration resulted from error.  The Court assures petitioner, however, that a failure to
26   effectively seek dismissal of this claim if it is a still-unexhausted claim after the stay will result in the entire
     petition being dismissed.  Similar to the cited discussion in the prior order, petitioner must take definitive
27   action with respect to this unexhausted claim.  Hedging, reserving rights, or taking any action other than
     either exhausting the claim or definitively and effectively seeking its dismissal will result in the dismissal of the
28   entire petition as a mixed petition under *Rose v. Lundy*, 455 U.S. 509 (1982).

-11-